```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ERIC C. GIRAULT,**

    **Movant,**

**v.**                                 **CIVIL ACTION NO. 2:08-0969**
                                         **Criminal No. 2:04-00019-04)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Eric Girault's ("Girault") Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. # 520).

Mr. Girault is currently serving a 151 month sentence for his conviction by a jury in the Southern District of West Virginia for violations of 21 U.S.C. § 846 (conspiracy to distribute for remuneration one hundred kilograms or more of marijuana); 18 U.S.C. § 1956(h) (money laundering); 21 U.S.C. § 843(b) (use of a communication facility to distribute 28 pounds of marijuana for remuneration); and 18 U.S.C. §§ 1956(a)(3) and 2 (aiding and abetting interstate travel in aid of a racketeering enterprise). Petitioner's sentence was imposed in March 2006, and his subsequent appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful. Mr. Girault's timely habeas petition presents a number of ineffective assistance of

counsel claims, an ex post facto clause violation claim, an actual innocence claim, as well as a Sixth Amendment violation claim.

By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF&R") to this court on December 4, 2009, (Doc. # 578) and recommended that the district court dismiss Mr. Girault's petition. Mr. Girault filed objections to the Magistrate Judge's PF&R (Doc. 588-1).

Having reviewed the PF&R, the court finds that an evidentiary hearing is necessary to resolve certain disputed issues of material fact related to two of Mr. Girault's ineffective assistance of counsel claims.

The first disputed issue relates to Mr. Girault's claim that his trial counsel, Dale Galipo, misinformed him about the maximum sentence Mr. Girault might face were he to reject a government plea deal, stand trial and be convicted. According to Mr. Girault, Mr. Galipo told him that he would receive between five to seven years if he stood trial and was convicted, an assertion which Mr. Galipo disputes. In his declaration filed with his habeas petition, Mr. Girault states:

> He said that because of a new ruling in a
> case called Booker, the most time I could get

>was "about seven years, so five years was no deal."

Girault Declaration, (Doc. # 580), p. 18. In contrast, Mr. Galipo asserts:

>I never told Mr. Girault that the most time he could get was seven years.

Galipo Declaration, (Doc. # 548-1), p. 4.

The second disputed issue relates to Mr. Girault's claim that he told Mr. Galipo about his idea to perjure himself at trial by testifying that he received boxes containing CDs and not marijuana, and Mr. Galipo's encouragement of this false testimony. In his declaration, Mr. Girault states:

>I told [Galipo] that Brandi Hambirck, my co-defendant, had brought two boxes of marijuana to West Virginia for me [...] I told him I thought we could use the strategy that there were "bootleg CD's" and not marijuana in the boxes. Galipo said he thought it was a good strategy, but Brandi Hambirck would have to support the same story.

Girault Declaration, (Doc. # 580), p. 17. In contrast, Mr. Galipo states:

>I was told by Mr. Girault that there were CD's in the boxes, not marijuana.

Galipo Declaration, (Doc. # 548-1), p. 3.

As the United States Court of Appeals for the Fourth Circuit held:

>Section 2255 provides for an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. A federal court in a habeas

3

> proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief. Townsend v. Sain, 372 U.S. 293, 312, 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963). When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary. See Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir. 1990); Moore, 950 F.2d at 661.

United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

The court is persuaded that the factual disputes in this case merit an evidentiary hearing. The contested facts are beyond the scope of the record, and they are material for Sixth Amendment violation purposes.

If true, Mr. Galipo's inaccurate statements regarding the maximum sentence Mr. Girault would receive if convicted at trial could have caused Mr. Girault to incur a more severe sentence than he would have received under a plea deal with the United States. This, coupled with the United States Supreme Court's holding that "[a]uthority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance," Glover v. United States, 531 U.S. 198, 203 (2001), means that a factual dispute over what Mr. Galipo told Mr. Girault regarding his sentencing exposure is material.

Mr. Galipo's knowledge and encouragement of Mr. Girault's

4

perjured testimony, if true, would also be material for Mr. Girault's ineffective assistance claim. See <u>United States v. Pham</u>, 182 Fed. Appx. 221 (4th Cir. 2006) (an evidentiary hearing is necessary where a habeas petitioner was given an obstruction of justice enhancement at sentencing, and later claimed ineffective assistance of counsel for his lawyer's failure to tell the defendant that he had a right not to testify, and that he could receive a sentencing enhancement if he testified falsely); <u>see also</u> <u>Cleckler v. United States</u>, 410 Fed. Appx. 279 (11th Cir. 2011) (evidentiary hearing held by a Magistrate Judge where the defendant received an obstruction of justice enhancement at sentencing and later claimed his counsel was ineffective for failing to properly inform him of his right not to testify, and the attendant dangers of testifying falsely).

Accordingly, the court remands this matter to the Magistrate Judge for an evidentiary hearing on the disputed issues discussed herein.

It is **SO ORDERED** this 29th day of July, 2011.

        **ENTER:**

        David A. Faber
        Senior United States District Judge

5